JEFFREY G. SHELDON (SBN 67516)
jsheldon@leechtishman.com
KATHERINE M. BOND (SBN 263020)
kbond@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL**
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

*Attorneys for Plaintiff*
Halo Couture, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| HALO COUTURE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HALO INC LIMITED, a United Kingdom company d/b/a Halo Hair Extensions, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTION FOR:**<br><br>**1. FALSE DESIGNATION OF ORIGIN**<br>**2. COMMON LAW TRADEMARK INFRINGEMENT**<br>**3. STATUTORY UNFAIR COMPETITION**<br>**4. COMMON LAW UNFAIR COMPETITION**<br><br>**REQUEST FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Halo Couture, LLC, by its attorneys, Leech Tishman Fuscaldo & Lampl, alleges as follows:

## JURISDICTION AND VENUE

1. The court has original jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.* This court has supplemental jurisdiction over Plaintiff's non-federal claims under 28 U.S.C. § 1367 in that those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

2. This court has personal jurisdiction over Defendant Halo Inc Limited as a consequence of its systematic and continuous business conduct in this District, including but not limited to, sales to California residents, an interactive website directed to California residents, use of salons located in California to sell products to California consumers, and use of social media companies to promote products which are located in California.

3. Venue in this district is proper under 28 U.S.C. § 1391(c)(3).

## THE PARTIES

4. Plaintiff Halo Couture, LLC ("Halo Couture" or "Plaintiff") is a California limited liability company, with a principal place of business at 26820 Hobie Circle, Murrieta, California 92562, and is the owner of the Halo Couture mark ("Halo Couture Mark") as described herein.

5. Defendant Halo Inc Limited ("Defendant" or "Halo Hair") is, on information and belief, a United Kingdom company with a place of business at Belgrave Hall, Belgrave Street, Leeds, LS2 8DD United Kingdom. Halo Hair advertises and sells hair extenders under the name Halo Hair Extensions. On further information and belief, Halo Hair does business in the United States under the name Halo Hair Extensions.

6. The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, an thereon alleges, that each of the Defendants designated herein as DOES 1-10 is legally responsible for the infringement of Plaintiff Halo Couture's trademark rights as hereinafter alleged and has legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend this Complaint when the true names and capacities of said DOE Defendants have been ascertained. Halo Hair and DOES 1 through 10, are hereinafter collectively referred to as "Defendants."

7. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

8. Plaintiff is informed and believes, and on that basis alleges, that each of Halo Hair and DOES 1-10, has acted in concert and participation with each other concerning the matters alleged in this Complaint.

9. Plaintiff is informed and believes, and on that basis alleges, that each of Halo Hair and DOES 1-10, was empowered to act as the agent, servant and/or employee of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## BACKGROUND

### Halo Couture, LLC

10. Halo Couture is a family owned business that is engaged in among other things, the production, sale and distribution of hair extenders.

11. Halo Couture, through its predecessor-in-interest, commenced using the term "HALO HAIR" as a trademark in commerce in the United States at

least as early as February 2010, in connection with the sale or offer for sale of hair extenders.

12. Subsequently, Halo Couture and/or its predecessor-in-interest modified the HALO HAIR mark and commenced using the term "HALO COUTURE" (the "Halo Couture Mark") in commerce in the United States in connection with the sale and offer for sale of hair extenders. Halo Couture, through its predecessor-in-interest, has been using the dominant term "HALO" in combination with a less dominant term as part of its mark for such goods continuously from the time it was adopted until the present.

13. Halo Couture derives a business advantage over its competition by virtue of spending significant time and resources advertising, promoting, and selling hair extenders under the brand Halo Couture.

14. Presently, Halo Couture-brand hair extenders are offered in over 1,500 salons in the United States. Halo Couture also has a strong social media presence with over 100,000 Facebook "likes."

15. At all times relevant to the acts complained of herein, Halo Couture has used the Halo Couture Mark to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the mark on its products, on its Internet website and on advertising materials promoting its goods.

16. The presence of the Halo Couture Mark on Halo Couture's goods, on its website and on advertising for Halo Couture's goods indicates to the public that goods and services provided under the Halo Couture Mark originate with, or are provided by, Halo Couture. As a consequence of all of the foregoing, the Halo Couture Mark has attained considerable value and the goodwill associated with it represents a valuable business asset.

**Halo Inc Limited**

17. Halo Couture is informed and believes, and based thereon it alleges that in or about April 2010, the Defendants began offering to provide, and are providing, in the United States and in this judicial district, goods that directly compete with Halo Couture's goods, namely, hair extenders. Attached as Exhibit 1 is a true and correct screenshot of Halo Hair's website (the "Halo Hair Website).

18. The Halo Hair Website is an interactive website directed to customers in California that displays a misleading American flag on the home page. See Exhibit 1.

19. On the Halo Hair Website there is a webpage titled, "Find A Stockist" which lists several salons in the California that sell Defendants' goods, including a salon in the Los Angeles area. Attached as Exhibit 2 is a true and correct screenshot of the Find A Stockist webpage.

20. Halo Couture is informed and believes, and based thereon it alleges that the Defendants are using words and symbols in connection with those goods that are confusingly similar to the Halo Couture Mark, namely, the term HALO.

21. Upon information and belief, Halo Hair operates a Facebook page located at the internet web address https://www.facebook.com/halohairextensions to promote its goods as well as a Twitter account. Facebook is headquartered in Menlo, California. *See* https://www.facebook.com/pages/Facebook-HQ/166793820034304. Twitter is located in San Francisco, California. *See* https://about.twitter.com/company. True and correct copies of Halo Hair's Facebook and Twitter pages are attached as Exhibit 3.

22. Defendants' use of the term HALO in connection with their products is causing actual confusion in the marketplace as to the affiliation, connection or

association of Halo Couture and Halo Hair in that, among other things, consumers are being led to believe that the two companies are somehow affiliated with one another.

## FIRST CLAIM FOR RELIEF

**(Against All Defendants for False Designation of Origin 15 U.S.C. § 1125(a))**

23. Halo Couture incorporates, repeats and realleges paragraphs 1 through 19, above, as if set forth fully herein.

24. The Halo Couture Mark is owned by Halo Couture and Halo Couture has continuously used it in commerce for many years. Halo Couture has never authorized or consented to the Defendants' use of the Halo Couture Mark or of any similar words or names in connection with their products or services.

25. Defendants' actions, as alleged above, have already caused and are likely to continue to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with Halo Couture, or as to the origin, sponsorship or approval of Defendants' products or services by Halo Couture in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

26. Halo Couture is informed and it believes and, based thereon it alleges, that the Defendants' acts have been undertaken with full knowledge of Halo Couture's rights in and to the Halo Couture Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the Halo Couture Mark.

27. By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants' conduct.

28. Defendants' acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to the Halo Couture Mark, these injuries will continue to occur.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants for Common Law Trademark Infringement)

29. Halo Couture repeats and re-alleges paragraphs 1 through 19, above, as though fully set forth in this paragraph.

30. The above-described acts of Defendants constitute common law trademark infringement. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendant Halo Hair is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

31. By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants' conduct.

32. On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of Halo Couture's rights and with a desire to injure Halo Couture's business and to improve their own.

## THIRD CLAIM FOR RELIEF

### (Against All Defendants for Unfair Competition, Cal. Bus. & Prof. Code § 17200)

33. Halo Couture repeats and re-alleges paragraphs 1 through 19, 21 through 25, and 27 through 29, above, as though fully set forth in this paragraph.

34. The above-described acts of Defendants constitute unfair competition within the meaning of California Business and Professions Code Section 17200. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

### FOURTH CLAIM FOR RELIEF

**(Against All Defendants for Common Law Unfair Competition)**

35. Halo Couture repeats and re-alleges paragraphs 1 through 19, 21 through 25, 27 through 29 and 31, above, as though fully set forth in this paragraph.

36. By reason of Defendants' acts, as alleged herein, Halo Couture has suffered damage to its business, reputation and goodwill and the loss of profits and sales it would have made but for Defendants' conduct.

37. The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off their goods and services as those of Halo Couture. Such acts have caused and will continue to cause irreparable and immediate injury to Halo Couture for which Halo Couture has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

38. On information and belief, the foregoing acts of the Defendants are oppressive, fraudulent, willful and malicious in that they have been undertaken with a conscious disregard of Halo Couture's rights and with a desire to injure Halo Couture's business and to improve their own.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an order permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

    a. Using any brand or designation that makes use of the term HALO or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Halo Couture's goods;

    b. Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term HALO or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Halo Couture's goods;

    c. Imitating, copying, and making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the Halo Couture Mark;

2. For an order directing the Defendants to deliver up for destruction all products, labels, boxes, signs, prints, packages, wrappers, and artwork in their possession, or under their control, bearing or intended to bear the term HALO or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3. For a monetary award in favor of Halo Couture in an amount equal to (i) Halo Couture's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits arising from the acts alleged above, such damages to be trebled under 15 U.S.C. § 1117(a);

4. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

5. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

6. For a finding that the Defendants' acts were undertaken intentionally, maliciously and/or with a reckless and wanton disregard of Plaintiff's rights and for an award of exemplary damages pursuant to California Civil Code section 3295 in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

7. For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law; and

8. For such other and further relief as the Court deems just and proper.

Dated: November 17, 2014            LEECH TISHMAN FUSCALDO & LAMPL

                                    By:   /s/ Jeffrey G. Sheldon
                                          Jeffrey G. Sheldon

                                    *Attorneys for Plaintiff*
                                    HALO COUTURE. LLC

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Dated: November 11, 2014            LEECH TISHMAN FUSCALDO & LAMPL

                                    By:   /s/ Jeffrey G. Sheldon
                                          Jeffrey G. Sheldon

                                    *Attorneys for Plaintiff*
                                    HALO COUTURE. LLC